UNITED STATES of America,
Plaintiff–Appellee

v.

**Hector Ivan BAUTISTA–GONZALEZ,
Defendant–Appellant.**

No. 06–41106
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 28, 2008.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM: *

Hector Ivan Bautista–Gonzalez appeals the 24–month sentence he received follow-

---

* Pursuant to 5TH CIR. R. 47.5, the court has

determined that this opinion should not be

ing his guilty plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326. Bautista–Gonzalez contends that the district court misapplied the Sentencing Guidelines by characterizing his prior Texas state felony drug conviction for possession of a controlled substance as an "aggravated felony" for purposes of U.S.S.G. § 2L1.2(b)(1)(C). Given the Supreme Court's decision in *Lopez v. Gonzales,* 549 U.S. 47, 127 S.Ct. 625, 166 L.Ed.2d 462 (2006), Bautista–Gonzalez is correct that his prior conviction is not an aggravated felony. *See United States v. Estrada–Mendoza,* 475 F.3d 258, 259–61 (5th Cir. 2007).

The Government concedes that the district court erred in characterizing the state offense as an aggravated felony and in imposing an eight-level increase pursuant to § 2L1.2(b)(1)(C), but contends that the error was harmless. The Government has failed to meet its burden of showing that the error was harmless. *See* FED. R.CRIM.P. 52(a); *United States v. Pineiro,* 410 F.3d 282, 286 (5th Cir.2005); *United States v. Mares,* 402 F.3d 511, 520 n. 9 (5th Cir.2005).

We VACATE Bautista–Gonzalez's sentence and REMAND for resentencing.

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.